WABASH, ST. L. & PAC. RY. Co. *v.* CENTRAL TRUST Co. OF NEW YORK and others. (Two Cases.[1])

CENTRAL TRUST Co. OF NEW YORK and another *v.* WABASH, ST. L. & PAC. RY. Co. and others.[1]

*(Circuit Court, E. D. Missouri.* March 20, 1885.)

1. REMOVAL OF SUITS INVOLVING BOTH CONTROVERSIES BETWEEN CITIZENS OF THE SAME STATE AND CONTROVERSIES BETWEEN CITIZENS OF DIFFERENT STATES.

Where a suit instituted in a state court involves both a controversy between citizens of the same state and a distinct, independent, and separable controversy between citizens of different states, either party to the latter controversy may remove the entire suit to this court.

2. CONSOLIDATION OF SUITS.

A mortgagor came into this court before default, alleged that it was going to default, and asked for and obtained the appointment of a receiver. The mortgagee filed a cross-bill to foreclose the mortgage, and also filed a bill in the state court to accomplish the same object. The complainant in the original bill, filed here, removed the suit in the state court to this court, and moved to consolidate said suits. Motion sustained.

3. RECEIVERS—APPOINTMENT AT INSTANCE OF MORTGAGOR—FORECLOSURE—JURISDICTION.

*Semble,* that this court has power to appoint a receiver, at the instance of a mortgagor, where default is about to take place, and, upon the mortgagees filing a cross-bill after default to foreclose, it has jurisdiction to proceed to a decree of foreclosure.

Motion to Consolidate.

For a history of the original and cross bill filed here, see 22 FED. REP. 272. The bill was filed in the state court, because of doubts as to the jurisdiction of this court in the suit before it. The suit in the state court was removed, and the motion to consolidate made by the Wabash, St. Louis & Pacific Railway Company.

*John F. Dillon, Henry T. Kent, Wager Swayne* and *Greene, Burnett & Humphrey,* for the Wabash, St. L. & Pac. Ry. Co.

*Phillips & Stewart,* for the Central Trust Co.

*John I. Brown* and *Thos. J. Portis,* for the St. Louis, I. M. & S. Ry. Co.

BREWER, J., *(orally.)* In these cases, which were argued yesterday, and in which there is a motion made to consolidate, I think I can express my views better by commencing at the rear end of this litigation. The last suit was commenced by the filing of an original bill in the state court, in behalf of the Central Trust Company of New York, a bill of foreclosure, making the Wabash road, and the various mortgagees thereof, parties defendant. That the state court had jurisdiction of that suit is to my mind indisputable, and that it was a case which was removable to this court is equally clear, although some of the parties defendant, one at least, is a citizen of the same

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

state with the complainant, the Central Trust Company; for there is a primary, separable, independent controversy between the Central Trust Company, a citizen of New York, and the Wabash Railroad, a citizen of the state of Missouri, a controversy in respect to the mortgage given by the one to the other. Where there is such a separable, independent controversy between citizens of two states pending in a suit in the state court, either one of the parties to that controversy may file his petition and bond to remove the entire suit to this court, although thereby they bring into this court, if you please, another controversy between citizens of the same state. That is the clear language and scope of the decision in *Barney* against *Latham*, 103 U. S. 205; and followed by other causes. In other words, the supreme court there affirmed, as was well said yesterday, the doctrine that where there is in a suit a distinct, separable, independent controversy between citizens of two states, it is a case which may be removed into the federal courts, and the federal courts can take jurisdiction of it, and of the whole of it. In that respect, as said in a late opinion of the supreme court, the jurisdiction of the circuit court is larger than that which can be obtained by an action brought originally here. Hence that case—the last suit—is properly in this court; and that this court has jurisdiction of it, with all that is involved, we have no question.

In the foreclosure of a mortgage there is a certain sense in which you may say that the only indispensable parties are the mortgagor and the mortgagee. You can foreclose that mortgage and divest the mortgagor of all his interest, and transfer it by sale into the mortgagee, or any other purchaser, and that without the presence of other incumbrances as parties. And yet we all know that there are certainly proper parties, or may be proper parties, other than the mortgagor and the mortgagee. Subsequent mortgagees, of course, are proper parties in order to cut off any equity of redemption; and while it is laid down in the supreme court of the United States that an independent controversy between the mortgagor and a third party, one involving the question of paramount title, is not to be litigated in a foreclosure suit, yet all those things which simply involve matters of lien on the property, whether prior or subsequent, may, as a general rule, properly be considered in such a suit. Well, that case being one that is properly in this court, a motion is made to consolidate it with a prior case, a case brought originally by the Wabash road. It has been said that that original action was an anomaly. A mortgagor, before default, comes into a court of equity and says he is going to default, and wants the court to take possession of its property, the mortgagee saving nothing. It may be it is not a common action, and yet I believe it is not solitary nor the first. That application presented this state of facts to the court: that here was a vast property, running through several states, burdened with a variety of local incumbrances and obligations, whose value consisted largely in its being preserved in its entirety and with all its connections. Split up

into a hundred fragments, the aggregate value of the varied fragments, it was contended, would be as nothing compared with the value of the single, intact property; and the question was put before the court whether, two days before a default, when various rights of attack would arise in different parts of this territory, the court might antic-ipate and take possession of the property, and preserve it intact, in order to permit the general mortgagee, when default actually occurred, to file its bill for foreclosure, and have the property, as an entirety, sold? While, of course, there were matters, in respect to this, of doubt that required consideration,—and we did consider it carefully,—yet both of us then thought, and both agree now, that it was wise that it was so done, and that the court properly appointed the receivers.

Immediately after the filing of the bill, when the default came, the trustee in the general mortgage filed a cross-bill to foreclose such mortgage, and that cross-bill is pending with others. The object of the cross-bill, and the object of this original bill filed in the state court, is the same. Of course the query naturally arises, what is the necessity for this last? If there was jurisdiction in the court in the first suit, what is the necessity of the second? Speaking for myself, I think the court had jurisdiction over the first bill; that the cross-bill was properly filed; and that the court would have jurisdiction to proceed to a de-cree in that. And yet I cannot say that it was unwise to initiate the second suit, because here is an original bill filed in the state court, a court of unquestionable jurisdiction, long after the default had oc-curred. It is not always sufficient, to be sure, that the court has ju-risdiction to render a decree; it is also often well to have the proceed-ings such that all parties interested are satisfied that it has jurisdic-tion, that there shall be no doubt existing; because a doubt tends to check bids at a sale, and prevent the property offered for sale from realizing its full value. Hence I see that there was a propriety, while I do not think there was a necessity, for this second suit com-menced in the state court; and yet, that having been commenced, and having been transferred to this court, and the object of the suit in the state court and the cross-bill in the federal court being the same, I see no impropriety in consolidating the two and proceeding with them as one consolidated case. The parties are the same. There is, as stated, perhaps a technical change in the name of a single party or two, defendants in the state court, yet they are merely substituted trustees in some of the mortgages; so that the interests, the questions, the controversies, the real parties are identical in the two cases. The order will therefore be made for a consolidation.

Of course this cuts off no questions, as to any particular party made defendant, as to whether he is properly in court. He can still raise any question of that kind. He can deny that the controversy or the matter which is charged against him is one which is determin-able in this case. Each individual defendant has his right to come into court and challenge the propriety of the proceeding as against him.

All we hold now is that the cases are properly before us, and that, with the unity of interest and the unity of questions and the identity of parties, the motion to consolidate is proper, and should be sustained; and it is so ordered.

TREAT, J., concurs.